UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MOHAMAD OCH,<br><br>Defendant | CRIMINAL No. 21-CR-40026-MRG |

**RESPONSE TO PRELIMINARY SENTENCING**
**MEMORANDUM REGARDING THE APPROPRIATE GUIDELINE RANGE**

Now comes the United States and responds to the defendant Mohamad Och's Preliminary Sentencing Memorandum Regarding the Appropriate Guideline Range (Docket Number 203). For those reasons stated below, the Court should reject the defendant's arguments and accept the guideline sentencing range as described in the Presentence Investigation Report ("PSR").

    A.  *Relevant Conduct Should Include Acquitted Conduct*

The defendant argues that in view of the change to the treatment of acquitted conduct by the Sentencing Guidelines starting in November 2024, the Court should not include in relevant conduct those drugs relating to charges for which the defendant was acquitted. The government disagrees because the amendment to the guideline specifically provides that acquitted conduct can still be considered as relevant conduct where the acquitted conduct also underlies conduct for which the defendant was convicted.

Under U.S.S.G. 1B1.3(C) effective November 2024:

1

> (c) ACQUITTED CONDUCT.—Relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct also establishes, in whole or in part, the instant offense of conviction.

The amended Application Notes also discuss acquitted conduct:

> 10. **Acquitted Conduct.**—Subsection (c) provides that relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct establishes, in whole or in part, the instant offense of conviction. There may be cases in which certain conduct underlies both an acquitted charge and the instant offense of conviction. In those cases, the court is in the best position to determine whether such overlapping conduct establishes, in whole or in part, the instant offense of conviction and therefore qualifies as relevant conduct.

In this case, the defendant was convicted of illegally prescribing both stimulants and sedatives. The defendant was also acquitted on charges of distributing these same drugs. Because the amended guidelines provide that where conduct underlies both acquitted charges and the offenses of conviction, the acquitted conduct should be relevant conduct and part of the applicable guideline range. The defendant's misconduct in prescribing stimulants and sedatives clearly underlies both acquitted and convicted conduct. Because it underlies both kinds of charges, it can be considered as relevant conduct.[1]

---

[1] The defendant also argues extensively that the Court should rely on a District Court decision, *United States v. Pimental*, 367 F. Supp.2d 143 (D. Mass. 2005). The *Pimental* decision has been rejected by numerous Court of Appeals and District Court decisions throughout the United States. The Sixth Circuit Courts of Appeals have expressly criticized the *Pimental* decision on the basis that it goes against the holding of *Watts*. *See United States v. Brika*, 487 F.3d 450, 459-60 (6th Cir. 2007) (noting that it disagrees with the "substantive outcome" of *Pimental*). Similarly, the Fifth Circuit cited *Pimental* in a footnote while rejecting a defendant's reliance on it and holding that "district courts must fill determine sentencing facts by a preponderance of the evidence, even facts contradicting jury findings." *See United States v. Farias*, 4669 F.3d 393, 399 (5th Cir. 2006). The Eighth Circuit similarly rejected a defendant's argument (using *Pimental*) that the judge should view acquitted conduct based on a reasonable doubt standard. *United States v. Patient Transfer Service. Inc.*, 413 F.3d 734, 745 (8th Cir. 2005). Numerous other District Court decisions have disagreed with or declined to follow the holding of *Pimental*. *See, e.g., United States v. Farias-Guijarro,* 2008 WL 5993209 at *15 (D.N.M. Mar. 2, 2008), *United Sates v. Zuni*, 506 F.Supp.2d 663, 674 (D.N.M. 2007); *United*

B.  *The November 2024 Change to Acquitted Conduct Does Not Affect the Treatment of Uncharged Conduct that Is Part of the Scheme or Pattern of Conduct*

Nevertheless, even if the Court were not to include the acquitted conduct in the relevant conduct in this case, uncharged conduct by the defendant that is part of the defendant's scheme or pattern of conduct should still be considered as part of relevant conduct.  Indeed, the Sentencing Commission expressly noted that the amendment concerning acquitted conduct makes <u>no</u> changes to the treatment of uncharged conduct:

> conduct used in calculating a sentence range under the federal guidelines. Acquitted conduct is unique, and this amendment does not comment on the use of uncharged, dismissed, or other relevant conduct as defined in §1B1.3 for purposes of calculating the guideline range.

The Court can consider the prescriptions that were not part of the case because they clearly fall under the definition of relevant conduct in the Sentencing Guidelines.  Relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense."  U.S.S.G. § 1B1.3(a)(1).  Moreover, relevant conduct includes "acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction."  U.S.S.G. § 1B1.3(a)(2).

Moreover, Application Note # 1 to U.S.S.G. § 1B1.3 provides that

> the principles and limits of sentencing accountability under this guideline are not always the same as the principles and limits of criminal liability.  Under subsections (a)(1) and (a)(2), the focus is on the specific acts and omissions for which the defendant is to be held accountable in determining the applicable guidelines range, rather than on whether the defendant is criminally liable for an offense as a principal, accomplice or conspirator.

---

States v. Vigil*, 476 F.Supp.2d 1231 (D.N.M. 2007);  *United States v. Edwards*, 427 F. Supp. 2d 17 (D.D.C. 2006);  *United States v. Ferby*, 2005 WL 1544802 (W.D.N.Y. 2005);  *United States v. Santiago*, 413 F. Supp.2d 307 (S.D.N.Y. 2006).

3

The Application Note clearly states that a defendant can be accountable under sentencing principles for conduct that extends beyond his criminal liability. This is why the defendant here should be accountable for all of those prescriptions that are part of the "same course of conduct" and "common scheme." The prescriptions that are being included here are those prescriptions that are "part of the same course of conduct or a common scheme." The theory of the government's case and the evidence showed the defendant prescribed a cocktail of benzodiazepines (like Ativan, Klonopin and Xanax) and Adderall to his patients. That is the cocktail that was prescribed to both of the undercover officers, and it was prescribed to the patients whose distributions were charged, M.G., S.S. and D.G. The government's expert witness, Dr. Candilis, persuasively explained to the jury that this combination of highly addictive medicines is intended to give the defendant's patients, who were addicted to drugs, both a stimulant and sedative effect. This is the scheme that was at the center of the government's case and borne out by the evidence presented at trial.

The government does not attempt to include in the guidelines calculation those drugs that were outside of this combination, even though there was substantial evidence that the defendant consistently overprescribed patients with numerous other drugs not included in relevant conduct here.

For example, Exhibit 1-A (the medical record of D.D.) showed that on February 6, 2017 in addition to prescriptions for Adderall and Ativan, the defendant also gave prescriptions for the following drugs that day that the government does not propose be included in relevant conduct: risperidone, Lamictal, Neurontin, Effexor, clonidine and Ambien. *See* Exhibit 1-A at p. 58.

Similarly, for patient M.G., whose office visit on March 3, 2017 was charged, the defendant prescribed a litany of the drugs that day including, Klonopin, Ambien, Adderall,

4

Latuda, lithium carbona, Neurontin, Requip and Seroquel. *See* Exhibit 2-A, at pp. 28-29. Therefore, because the drugs that the government proposes to include here are part of the same course of conduct and scheme, they are properly considered for relevant conduct purposes.

      C.  *The Jury Did Not Reject the Testimony of Dr. Candilis*

The defendant's arguments regarding the jury's rejection of Dr. Candilis's testimony and baseless speculation as to the reasons for the jury's split verdict are without merit and can be quickly rejected by the Court. First, Dr. Candilis testified extensively about the undercover visits in this case and for three of the six visits, the jury found the defendant guilty. Therefore, the defendant's argument that the jury rejected Dr. Candilis's testimony is simply incompatible with the jury's verdict.

Even so, there is no way to know if the jury rejected Dr. Candilis's testimony in reaching acquittals on those cases for which the jury voted not guilty because the jury returned a general verdict. The Supreme Court definitively held in 2024 that it would be improper to speculate at all as to the reasons for the jury's verdict and to do so would improperly impinge on the province of the jury. *McElrath v. Georgia*, 601 U.S. 87, 97-98 (2024) ("Once there has been an acquittal, our cases prohibit *any* speculation about the reasons for a jury's verdict – even when there are specific jury findings that provide a factual basis for such speculation – because it is impossible for a court to be certain about the ground for the verdict without improperly delving into the jurors' deliberations." (internal citations and quotations omitted) (emphasis in the original).

Furthermore, the defendant's argument that the government is relying <u>solely</u> on the testimony of Dr. Candilis in support of the guidelines calculation is wrong. The evidence supporting the guidelines includes not only Dr. Candilis's testimony, but patient files including prescriptions, prescription monitoring program ("PMP") data, all of which include data regarding

5

the prescriptions.

        D. *The Erlinger Case Is Irrelevant to the Sentencing Guidelines Calculation*

The defendant's arguments regarding *Erlinger v. United States*, 2024 WL 3074427 (2024) are irrelevant and misplaced. That case considered whether a jury must make determinations as to an individual who was a felon in possession is an Armed Career Criminal. The issue was whether the Constitution requires that a jury, and not a judge, must be the fact-finder and use a reasonable doubt standard to determine "the prescribed range of penalties to which a criminal defendant is exposed." *Id.* at *8. This case is different because the issue is not the potential maximum penalty that the defendant is facing, but rather the relevant conduct that applies based on a preponderance of the evidence.

*Erlinger* did not at all involve relevant conduct. It involved the Armed Career Criminal Act, which is a separate law, not a provision of the Sentencing Guidelines. The defendant offers no persuasive argument as to how the facts underlying a felon in possession case apply to the facts of a doctor convicted of illegal prescriptions. Nor can he. This case involves a relevant conduct determination under the Sentencing Guidelines, vastly different from the Armed Career Criminal Act. The Supreme Court did not decide or make any changes in *Erlinger* to the principle that relevant conduct is determined on the basis of a preponderance of the evidence standard by the Court. That case had nothing to do with relevant conduct. Therefore, the defendant is asking this Court to wholly fabricate a change in the law for which there is no legal basis to do so.

        E. *The Court Is Required to Make a Proper Guidelines Calculation Separate and Apart From the Ultimate Sentence Imposed*

The defendant's argument that the guideline range here is so disproportionate and harsh that the Court should reject it misses the mark. The Court is required to render an accurate

calculation of the guidelines irrespective of the final sentence given. In other words, the Court's consideration of the factors under 18 U.S.C. § 3553(a) may in fact lead it to render a sentence that is outside the guideline range, but that is distinctive from the Court's role to nevertheless accurately calculate the applicable guideline range. *Gall v. United States*, 552 U.S. 38, 49, 128 S. Ct. 586, 596, 169 L. Ed. 2d 445 (2007) ("As we explained in *Rita,* a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. . . . [a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."); *United States v. Roselli*, 366 F.3d 58, 65 (1st Cir. 2004) ("Thus, to carry out this analysis, a court must first determine the proper sentencing range under the Guidelines before it can determine whether that range is inappropriate because of factors the Commission did not adequately account for in establishing the Guidelines."). The Court has a duty to accurately calculate the guidelines here regardless of the ultimate sentence that it imposes. The defendant's argument that the Court should ignore this duty because of the perceived harshness of the guidelines calculation is flawed and should be rejected by the Court.

[CONTINUED ON NEXT PAGE]

## CONCLUSION

For those reasons stated above, the Court should reject the defendant's arguments and accept the guideline sentencing range as described in the Presentence Investigation Report ("PSR").

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:  */s/ John T. Mulcahy*
JOHN T. MULCAHY
KAITLIN R. O'DONNELL
Assistant United States Attorneys

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

By:  */s/ John T. Mulcahy*
John T. Mulcahy
Assistant U.S. Attorney